

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# USA v. Abuhouran

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3460

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Abuhouran" (2007). *2007 Decisions.* Paper 1511.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1511

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-131                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3460
_____

UNITED STATES OF AMERICA

v.

ADMA ABUHOURAN,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 95-cr-00560-5)
District Judge:  Honorable Louis H. Pollak

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 16, 2007

Before: BARRY, AMBRO and FISHER, Circuit Judges

(Filed:  March 7, 2007)
_____

OPINION
_____

PER CURIAM

I.

Adma Abuhouran appeals from the order of the United States District Court for

the Eastern District of Pennsylvania denying her "Motion for Early Termination of

Supervised Release." We will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

Abuhouran pled guilty to conspiracy to commit bank fraud and was sentenced in 1997 to three years of supervised release, including four months of home confinement. After serving two months of her home confinement term, Abuhouran cut her electronic monitoring bracelet and left the United States. In June 2005, the District Court sentenced her to seven months in prison and twenty-nine months of supervised release for violating the terms of her confinement. Since her release from prison in January 2006, Abuhouran has been residing in New Jersey, serving her term of supervised release.

In April 2006 Abuhouran filed a pro se motion for early termination of her supervised release. The District Court denied the motion. Abuhouran appealed and has filed a motion to appoint counsel in this Court.[1]

## II.

We agree with the District Court that none of the arguments presented in the motion provide a basis for reconsidering Abuhouran's June 2005 sentence. See 18 U.S.C. § 2583(e). Abuhouran's account of her difficult incarceration after fleeing from the United States, her development of serious health problems, and her voluntary return to the United States in order to be held accountable for her actions, were factors considered by the District Court before it sentenced Abuhouran in 2005. The only new information before the District Court was Abuhouran's claim that supervised release is preventing her

---

[1]We have jurisdiction under 28 U.S.C. § 1291.

from obtaining proof of identification, a job, and health care. As the District Court noted, because supervised release does not bar Abuhouran from obtaining these things, Abuhouran's difficulties do not warrant early termination.[2]

In submissions to this Court, Abuhouran proposes two new claims: that her June 2005 sentence was calculated in violation of United States v. Booker, 543 U.S. 220 (2005), and that her initial 1997 sentence was illegal and should be vacated pursuant to this Court's authority under 28 U.S.C. § 2106. Abuhouran may not raise these substantive claims for the first time on appeal. Nor do any of the arguments Abuhouran makes in support of these new claims assist her current appeal.

Because the appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Appellant's motion for appointment of counsel is denied.

---

[2]We echo the District Court's suggestion that Abuhouran approach her probation officer to resolve these issues.